Case 2:16-cv-00114   Document 65   Filed on 03/09/18 in TXSD   Page 1 of 19

United States District Court
Southern District of Texas
**ENTERED**
March 09, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLINTON S. FOSTER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-114 |
| | § | |
| UNITED RENTALS (NORTH | § | |
| AMERICA), INC.; dba UNITED | § | |
| RENTALS, INC., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff Clinton Foster alleges that Defendant United Rentals (North America), Inc., his former employer, unlawfully discriminated against him in violation of the Age Discrimination in Employment Act ("ADEA") and the Texas Commission on Human Rights Act ("TCHRA") during his employment because of his age and in retaliation for engaging in protected activity. Plaintiff also asserts claims for breach of contract, quantum meruit, promissory estoppel and negligent misrepresentation. (D.E. 10). On December 29, 2017, United Rentals filed the pending Motion for Summary Judgment. (D.E. 55). Plaintiff filed a response on January 18, 2018. (D.E. 58). United Rentals filed a reply on January 22, 2018. (D.E. 60). For the reasons stated below, the undersigned respectfully recommends Defendant's Motion for Summary Judgment be **GRANTED**.

## I. JURISDICTION

Plaintiff filed suit against Defendant in the 319th Judicial District Court of Nueces County, Texas on March 2, 2016. Defendant filed a Notice of Removal on April 8, 2016, asserting this Court has both diversity and federal question jurisdiction. 28 U.S.C. §§ 1331 and 1332. (D.E. 1). This case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id*. Furthermore, affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(c); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (refusing to

consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323. The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "After the nonmovant has been

given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451.

### III. BACKGROUND

Plaintiff was employed at United Rentals as an outside sales representative from approximately 1996 until his termination on May 5, 2015. (D.E. 55-1, Pages 9 and 64). Plaintiff was 46 years old at the time of his termination. (D.E. 10, Page 2 and D.E. 55-3, Page 113). Prior to his termination, Plaintiff alleges his sales territory and number of accounts were reduced which led to a reduction in his pay and commissions earned. (D.E. 10, Page 2). Plaintiff further alleges when he complained about these changes, he was terminated because of his age and in retaliation for his complaints. (D.E. 10, Page 2). Additionally, Plaintiff alleges United Rentals failed to pay him for all of his earned commissions. (D.E. 58, Pages 8). On or about November 27, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") based on age and retaliation and received a Dismissal and Notice of Right to Sue letter on December 7, 2015. (D.E. 10, Page 3 and D.E. 55-3, Page 113). He filed a state court action on March 2, 2016 which was removed to this Court on April 8, 2016. (D.E. 1).

Plaintiff sues United Rentals for (1) age discrimination and retaliation in violation of the ADEA and the TCHRA; (2) breach of contract; (3) quantum meruit; (4) promissory estoppel; and (5) negligent misrepresentation. Defendant moves for summary judgment on all of Plaintiff's claims.

IV.     **AGE DISCRIMINATION AND RETALIATION**

    A.     **TIMELINESS**[1]

It appears the parties agree Plaintiff's age discrimination and retaliation allegations under the TCHRA are barred as both alleged adverse actions took place before May 31, 2015, outside the 180 day TCHRA limitations period.[2] Therefore, the undersigned recommends Plaintiff's age discrimination and retaliation claims under the TCHRA are barred. The parties also agree Plaintiff's ADEA discrimination and retaliation claims related to his May 5, 2015 termination are not barred by limitations.

However, Plaintiff and United Rentals dispute the start date from which to compute the limitations deadline for any complaint related to the reduction in Plaintiff's assigned accounts. Plaintiff was advised on or before January 29, 2015 that his accounts were going to be changed. (D.E. 55-1, Pages 129 and 188 and D.E. 55-3, Pages 115-

---

[1] "Employment discrimination plaintiffs must first exhaust administrative remedies before pursuing claims in federal court." *Champlin v. Manpower, Inc.*, No. 4:16-cv-2987, 2018 WL 572997, at *3 (S.D. Tex. Jan. 24, 2018) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002)). Under the ADEA, the limitations period for filing an age discrimination and retaliation charge with the EEOC is 300 days from the adverse act. *Id.* (citation omitted). "However, filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 711 (5th Cir. 2011) (citation omitted). However, a plaintiff, under the TCHRA, must file a charge of discrimination and retaliation within 180 days of the date of the alleged discrimination and this filing requirement is "mandatory and jurisdictional" and not subject to equitable tolling. *Champlin*, 2018 WL 572997, at *5; *Graham v. JPMorgan Chase Bank, Nat. Ass'n*, No. 4:13-cv-1410, 2015 WL 4431199, at *3 (S.D. Tex. July 17, 2015) (citation omitted).

[2] In its motion, Defendant asserts Plaintiff's TCHRA age discrimination and retaliation claims are barred. (D.E. 55, Page 11). Plaintiff, in his response, does not respond to this assertion, instead focusing his argument on his claims under the ADEA and its 300 day limitations deadline. (D.E. 58).

116). Specifically, Plaintiff was notified that beginning in April 2015, he was going to be assigned seven[3] accounts. (D.E. 55-1, Pages 66, 129-131 and 188 and D.E. 55-3, Pages 115-116). These accounts changes were subsequently enacted in April 2015. (D.E. 55-1, Pages 66-68, 70, 72 and 188). United Rentals argues informing Plaintiff on or before January 29, 2015 of future changes to his account assignments started the 300 day limitations period. (D.E. 55, Pages 11-12); *Ajayi v. Walgreen Co.*, 562 F. App'x 243, 246 (5th Cir. 2014) ("[I]t is well established in this circuit that in age discrimination cases the limitations period begins to run when the plaintiff knows of the discriminatory *act*, not when he first perceives a discriminatory motive.") (emphasis in original) (citation omitted); *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 605 (5th Cir. 1986) (Limitations period starts running on the date the discriminatory *act* occurs) (emphasis in original) (citing *Delaware State Coll. v. Ricks*, 449 U.S. 250 (1980)). Accepting Defendant's argument would mean Plaintiff's claims related to the change in his accounts would be barred because they accrued in excess of 300 days before he filed his EEOC charge. Plaintiff counters that the limitations period began to run only after the account changes were actually made in April 2015, not when he was notified about them in January 2015. (D.E. 58, Pages 8-9).

The undersigned recommends Defendant's argument is supported by the relevant case law. The 300 day limitations period beings to run once the plaintiff "knows or should have been aware of the unlawful employment action." *Champlin*, 2018 WL

---

[3] Plaintiff stated he was assigned five accounts at the time he was terminated: Valero, Flint Hills, Turner Industries, JV Industrial and Diamond Shamrock-Three Rivers. (D.E. 55-1, Page 66).

572997 at *5 (citations omitted). "'[A]wareness' for accrual purposes does not mean actual knowledge; rather, all that must be shown is the existence of 'circumstances [that] would lead a reasonable person to investigate further.'" *Id*. (citation omitted). Plaintiff was notified of, and complained to his supervisors about, the reassignment of his accounts in an email dated January 29, 2015. (D.E. 55-3, Pages 115-116). Plaintiff was then told the same day that the reassignment decision was final. (D.E. 55-3, Page 115). Therefore, the limitations period began to run when Plaintiff was notified of the adverse employment action, specifically when he was informed his accounts were going to be reassigned, not when they were actually changed in April 2015. *See Chapman v. Homco, Inc.*, 886 F.2d 756, 758 (5th Cir. 1989) ("When a plaintiff alleges an unlawful discharge, the statute of limitations begins to run when the plaintiff is *notified* that his employment is terminated.") (emphasis added) (citation omitted); *see also McIver v. Am. Eagle Airlines, Inc.*, 413 F. App'x 772, 777 (5th Cir. 2011) ("The 300-day time period begins to run 'when the employee receives notice of the allegedly discriminatory decision, not when the employment actually ceases.'") (citation omitted); *see also Stith v. Perot Sys. Corp.*, No. 3:02-cv-1424-D, 2004 WL 690884, at *3 (N.D. Tex. Mar. 12, 2004) ("To decide when the employer notified the employee, the court uses an objective standard that 'focus[es] upon when the employee knew, or reasonably should have known, that the adverse employment decision had been made.") (citations omitted). Further, Plaintiff has not asserted any argument that he is entitled to equitable tolling. Therefore, the

undersigned addresses below only Plaintiff's claims for age discrimination and retaliation under the ADEA related to Plaintiff's termination.[4]

### B. RELEVANT LAW AND ANALYSIS

Under the ADEA, it is unlawful for an employer to discharge or otherwise discriminate against an employee because of the employee's age. *See* 29 U.S.C. § 623(a)(1). Plaintiff must present direct or circumstantial evidence of age discrimination. *Id.* (citation omitted). "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002) (citation omitted). When there is no direct evidence of age discrimination, a plaintiff must rely on circumstantial evidence to prove discrimination and the claim is analyzed under the burden-shifting framework outlined in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). Cases in which a plaintiff alleges retaliation for engaging in activity protected by the ADEA are also analyzed under the burden-shifting framework established in *McDonnell Douglas*. *Paulissen v. MEI Tech., Inc.*, 942 F. Supp. 2d 658, 672 (S.D. Tex. 2013) (citation omitted).

Plaintiff must first establish a *prima facie* case of discrimination and/or retaliation, the elements of which are further discussed below. If Plaintiff successfully establishes a

---

[4] Plaintiff, in his response, alleges for the first time that "Defendant diverted several of Plaintiff's earned commissions to other sales representatives during the 300-day limitations period, so that claim is timely." (D.E. 58, Page 8). However, this allegation was not included in either Plaintiff's EEOC charge or in his amended complaint as part of his age discrimination claim. (D.E. 55-3, Page 113 and D.E. 10). In short, other than this one sentence in his response, Plaintiff has offered no details sufficient to support this allegation as it relates to age discrimination. Therefore, the undersigned recommends this alleged adverse employment action is not properly before this Court relating to Plaintiff's age discrimination claim.

*prima facie* case, a presumption of discrimination and/or retaliation arises and the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for the employment action taken against the Plaintiff. *See Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (*citing McDonnell Douglas*, 411 U.S. at 802); *Paulissen*, 942 F. Supp. 2d at 672. If Defendant satisfies this burden, the burden shifts back to the Plaintiff who must prove "the legitimate reasons offered by the Defendant were not its true reasons, but were a pretext for discrimination." *Crawford v. Formosa Plastics Corp., Louisiana*, 234 F.3d 899, 902 (5th Cir. 2000) (citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 139 (2000)); *Paulissen*, 942 F. Supp. 2d at 672.

In this case, Plaintiff does not specifically refer in his pleadings to any direct evidence of age discrimination or retaliation. Nor does he identify any such competent evidence in the summary judgment record. In order to establish a *prima facie* case of age discrimination under the ADEA, in the absence of direct proof of discrimination, Plaintiff must establish he is (1) within a protected class (i.e. over 40 years old); (2) qualified for the position; (3) suffered an adverse employment decision; and (4) was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age. *Kean v. Jack Henry & Assoc., Inc.*, 577 F. App'x 342, 349 (5th Cir. 2014) (citing *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010)); *See also Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005).

While Plaintiff is (1) over the age of 40, (2) qualified for the position, and (3) was terminated from his employment, he has failed to establish he was (4) replaced by

someone outside the protected class, younger than him, or otherwise discharged because of his age. The parties agree Plaintiff, at the time he was terminated, was 46 years old and those employees who received his accounts after he was fired were, respectively, 42, 44, 54, and 56 years old. (D.E. 55, Page 12; D.E. 55-1, Pages 8, 103-106 and 142; D.E. 55-2, Pages 85-87 and D.E. 58, Page 9). Contrary to Plaintiff's argument that as long as the replacement is younger, whether Plaintiff has established a *prima facie* case of age discrimination is an issue of fact for the jury that cannot be decided on summary judgment, both Supreme Court and Fifth Circuit precedent establish otherwise. (D.E. 23, Page 13); *Leal v. McHugh*, 731 F.3d 405, 411 (5th Cir. 2013) (citing *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996)) (The replacement must be "substantially younger" than the plaintiff in order for the plaintiff to create an inference that an employment decision was based on age discrimination). The Fifth Circuit has not determined what age difference qualifies as substantially younger such that an inference may be made to establish a *prima facie* case of age discrimination. *Irvin v. Ascension Par. Sch. Bd.*, No. 15-518-JWD-EWD, 2017 WL 354854, at *11 (M.D. La Jan. 24, 2017) (citations omitted). Plaintiff, at 46, is at most approximately four years older than the youngest of his replacements, who was 42. *See Earle v. Aramark Corp.*, 247 F. App'x 519, 523 (5th Cir. 2007) (Plaintiff's 40 year old replacement was "only four years younger than [Plaintiff]-an insignificant age difference that is not sufficient to support a *prima facie* case of age discrimination"); *see also Keller v. Coastal Bend Coll.*, 629 F. App'x 596, 600 (5th Cir. 2015) (citing same). Further, two of Plaintiff's four replacements, at 54 and 56, were eight and ten years older than Plaintiff. Additionally,

all of Plaintiff's replacements were above the age of 40 and Plaintiff has not submitted any competent evidence he was otherwise discharged because of his age. Therefore, the undersigned recommends Plaintiff has failed to establish a *prima facie* case of age discrimination.

Even assuming Plaintiff could meet his burden to establish a *prima facie* case of age discrimination, Plaintiff has failed to demonstrate Defendant's proffered reason for his termination is pretext for age discrimination. *Crawford*, 234 F.3d at 902. Defendant asserts Plaintiff was discharged, not because of his age, but for allegedly being dishonest to his branch manager. (D.E. 55-2, Pages 4-15). In his response, Plaintiff does not address this issue. (D.E. 58). Upon review of the record, there is nothing to demonstrate that Defendant's proffered reason for Plaintiff's termination is mere pretext. Further, all of Plaintiff's replacements were Defendants' employees performing similar duties as Plaintiff at the time Plaintiff was terminated and all were also over the age of 40, in the same protected class as Plaintiff. The only evidence to support his complaint is Plaintiff's own subjective belief that the motivation for his termination was his age. However, Plaintiff's subjective opinion does not support an inference of discrimination under the ADEA and is unavailing as summary judgment evidence. *Celotex*, 477 U.S. at 325; *See Vasquez v. Nueces Cnty.*, 551 F. App'x 91, 94 (5th Cir. 2013) (Plaintiff cannot discharge his burden by offering subjective beliefs, vague allegations and legal conclusions) (citation omitted).

Further, Defendant asserts Plaintiff never engaged in any protected activity prior to his termination and therefore, Plaintiff's claim of retaliation should also be summarily

dismissed. (D.E. 55, Page 15 and D.E. 60, Page 6). In his response to the pending motion, Plaintiff does not address his retaliation claim. (D.E. 58). In order to establish a *prima facie* case of retaliation under the ADEA, Plaintiff must show that he engaged in protected activity, was subjected to an adverse employment action and there is a causal connection between the protected activity and the adverse employment action. *McDaniel v. Nat'l R.R. Passenger Corp.*, 705 F. App'x 240, 245 (5th Cir. 2017); *see also Paulissen*, 942 F. Supp. 2d at 672. The record does not contain, nor does Plaintiff cite to, any evidence that Plaintiff engaged in protected activity prior to his May 5, 2015 termination. *Skaggs v. Van Alstyne Indep. Sch. Dist.*, No. 4:16-cv-227-CAN, 2017 WL 77825, *16 (E.D. Tex. Jan. 9, 2017) ("An employee engages in a protected activity where she opposes an activity she reasonable believes constitutes unlawful discrimination.") (citations omitted). As noted by Defendant, Plaintiff stated he never complained to his supervisors at United Rentals that he was being treated differently based on his age or made any age discrimination complaint to anyone at United Rentals. (D.E. 55-1, Pages 84-87).

Further, for the same reasons stated above, even if Plaintiff had engaged in protected activity and could establish a causal connection, he has not shown Defendant's proffered reason for his termination, i.e. his alleged dishonesty, was mere pretext as he does not address the retaliation claim in his response to the pending motion.

For the foregoing reasons, the undersigned recommends summary judgment be granted as to Plaintiff's age discrimination and retaliation claims under the ADEA.

dismissed. (D.E. 55, Page 15 and D.E. 60, Page 6). In his response to the pending motion, Plaintiff does not address his retaliation claim. (D.E. 58). In order to establish a *prima facie* case of retaliation under the ADEA, Plaintiff must show that he engaged in protected activity, was subjected to an adverse employment action and there is a causal connection between the protected activity and the adverse employment action. *McDaniel v. Nat'l R.R. Passenger Corp.*, 705 F. App'x 240, 245 (5th Cir. 2017); *see also Paulissen*, 942 F. Supp. 2d at 672. The record does not contain, nor does Plaintiff cite to, any evidence that Plaintiff engaged in protected activity prior to his May 5, 2015 termination. *Skaggs v. Van Alstyne Indep. Sch. Dist.*, No. 4:16-cv-227-CAN, 2017 WL 77825, *16 (E.D. Tex. Jan. 9, 2017) ("An employee engages in a protected activity where she opposes an activity she reasonable believes constitutes unlawful discrimination.") (citations omitted). As noted by Defendant, Plaintiff stated he never complained to his supervisors at United Rentals that he was being treated differently based on his age or made any age discrimination complaint to anyone at United Rentals. (D.E. 55-1, Pages 84-87).

Further, for the same reasons stated above, even if Plaintiff had engaged in protected activity and could establish a causal connection, he has not shown Defendant's proffered reason for his termination, i.e. his alleged dishonesty, was mere pretext as he does not address the retaliation claim in his response to the pending motion.

For the foregoing reasons, the undersigned recommends summary judgment be granted as to Plaintiff's age discrimination and retaliation claims under the ADEA.

V. **BREACH OF CONTRACT, QUANTUM MERUIT, PROMISSORY ESTOPPEL AND NEGLIGENT MISREPRESENTATION**

Plaintiff asserts a claim for breach of contract alleging United Rentals failed to pay him earned commissions owed to him pursuant to a 2012 and 2013 Commission Policy and Commission Policy Acknowledgement and Agreement ("Commission Policy"). (D.E. 55-1, Pages 144-60).[5] Alternatively, Plaintiff seeks to recover these commissions under the theories of quantum meruit, promissory estoppel and/or negligent misrepresentation. (D.E. 10, Page 2-8).

A. **BREACH OF CONTRACT**

Under Texas law, Plaintiff, as an at-will employee, can recover for breach of contract if United Rentals promised him compensation and failed to pay him in accordance with the Commission Policy. *Marquis v. Omniguide, Inc.*, 714 F. Supp. 2d 640, 646 (N.D. Tex. 2010); *see Schwager v. Telecheck Serv., Inc.*, No. 14-01-99-CV, 2002 WL 31995012 (Tex. App.–Hous. [14th Dist.] Dec. 19, 2002) (not designated for publication). The essential elements of a breach of contract claim in Texas are (1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the

---

[5] In his amended complaint, Plaintiff alleged Defendant breached the parties' oral employment contract by which Defendant would compensate Plaintiff for selling Defendant's goods and services and would provide Plaintiff with certain sales territories and other tools to perform his sales job. (D.E. 10, Page 3). Plaintiff alleged Defendant breached this employment contract by "stripping him of sales territory and making it impossible for him to successfully perform the functions of a salesman as per the parties' agreement." (D.E. 10, Page 4). However, Plaintiff now acknowledges he was employed at-will and Defendant could change his accounts and commission structure at any time. (D.E. 55-1, Pages 18, 25 and 44). Further, Plaintiff testified he could not identify any contract with Defendant he contends Defendant breached regarding his United Rentals changing his assigned accounts or commission structure. (D.E. 55-1, Pages 114-116). In his response the pending motion, Plaintiff now contends that "Defendant failed to pay him earned commissions by erroneously or falsely coding contracts to other sales representatives" which breached the Commission Policy. (D.E. 58, Page 2).

contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 579 (N.D. Tex. 2013) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)).

Defendant asserts it did not breach the terms of the Commission Policy as Plaintiff was paid all commissions which were coded to him on contracts as of the invoice date. (D.E. 55, Page 17). Plaintiff contends he was not paid all of the commissions to which he is entitled as a large number of contracts were coded incorrectly. (D.E. 58, Pages 4-5). In support of his argument, Plaintiff relies on his own testimony, his own affidavit and the affidavit of W. Scott Turner, a certified public accountant who was retained by Plaintiff to calculate Plaintiff's damages in this lawsuit. (D.E. 58, Pages 4-5; D.E. 58-2 and D.E. 58-3).

Plaintiff testified he "generated business that I created revenue from that were supposed to be coded to me that got paid to another salesperson, so that, they owe me that money." (D.E. 55-1, Page 117). Plaintiff further testified he brought this issue to his supervisors and was told "there was nothing they could do about it and that the only thing I could do was stay on top of my business by running open contract reports and catching the ones that were miscoded incorrectly and submitting them for correction," which he did. (D.E. 55-1, Pages 76-77 and 118-122). In his own affidavit, Plaintiff avers Defendant failed to pay him all of the commissions he earned in accordance with the Commission Policy. (D.E. 58-2, Page 1). However, Plaintiff's testimony and his conclusory statement in his own self-serving affidavit—lacking in any details as to the dates, specific contracts, or amounts of the commissions allegedly not paid—fail to create

a genuine issue of material fact. *See Sanchez v. Dallas/Fort Worth Intern. Airport Bd.*, No. 10-10939, 2011 WL 3667435, at *3 (5th Cir. Aug. 22, 2011) ("[A] self-serving affidavit, without more evidence, will not defeat summary judgment.") (citation omitted).

Mr. Turner avers "Defendant failed to pay Mr. Foster in accordance with Defendant's commissions policies and procedures." (D.E. 58-3, Page 2). Mr. Turner further avers he has "reviewed Defendant's document production purporting to be records of commissions paid by Defendant to its Sales Representatives, including Mr. Foster. Defendant failed to pay Mr. Foster earned commissions for at least 1,000 transactions for which commissions were payable and were procured by Mr. Foster. The amount of Mr. Foster's unpaid commissions is at least $100,000. Using [the Commission Policy], and Defendant's purported commission records, I have calculated the amount of commissions Mr. Foster earned but Defendant failed to pay." (D.E. 58-3, Pages 2-3). However, "affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment and [w]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Crayton v. Amadeo Rossi, S.A.*, 384 F. App'x 330, 331 (5th Cir. 2010) (quoting *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F.2d 220, 225 (5th Cir. 1991)) (other citations omitted). "To be considered on summary judgment, an expert's affidavit must include materials upon which the expert based his opinion, as well as an indication of the reasoning process underlying the opinion." *Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 358 (5th Cir. 2001) (abrogation on other grounds); *Zidell v. Morris*, No. 4:11-cv-845-A, 2013 WL 704325, at *9 (N.D. Tex. Feb. 26, 2013)

("The court may properly disregard an expert witness's affidavit where it is conclusory and fails to give insight into the expert's reasoning process.") (citation omitted). Mr. Foster's affidavit does not provide any information about which commissions Plaintiff was allegedly not paid or what methodology he used in his reasoning process to reach his conclusions. Therefore, this affidavit does not satisfy Plaintiff's burden at this stage.

In short, Plaintiff has not submitted sufficient competent summary judgment evidence demonstrating he was not paid in accordance with the Commission Policy. Accordingly, the undersigned recommends Plaintiff has failed to present sufficient evidence creating a genuine dispute of material fact regarding his breach of contract claim.

## B. REMAINING CLAIMS

Plaintiff additionally alleges claims for quantum meruit, promissory estoppel and negligent misrepresentation. (D.E. 10). The underlying premise for all three claims is the same as his breach of contract claim, namely that he was not paid commission for contracts he alleges were incorrectly coded to other employees. (D.E. 58, Pages 7-10). However, as with his breach of contract claim, Plaintiff has not directed the Court to any sufficient evidence to support these allegations, such as when Plaintiff's commissions were diverted, to who and for what accounts. In sum, Plaintiff has not provided any competent evidence that he was not paid in full in accordance with the Commission Policy. Therefore, as Defendant asserts Plaintiff was paid in accordance with the Commission Policy and Plaintiff has failed to submit any sufficient evidence to the

contrary, the undersigned recommends these remaining claims should also be summarily dismissed.

Further, even if Plaintiff had provided competent evidence, "[i]f a valid contract covers the services provided, the party generally cannot recover under a quantum meruit theory." *Allamon v. Acuity Specialty Prod., Inc.*, 877 F. Supp. 2d 498, 522 (E.D. Tex. 2012) (citation omitted). The Commission Policy covers the dispute at issue and therefore, Plaintiff's quantum meruit claim is barred as a matter of law. *Id*. The same is true for Plaintiff's claim under promissory estoppel and negligent misrepresentation. *Allen v. Horizon Software Intern., LLC.*, No. 3:14-cv-1947-N, 2015 WL 4191315, at *4 (N.D. Tex. July 2, 2015) ("However, because the Sales Commission Plan governs the terms of the commissions Plaintiff seeks, Plaintiff cannot raise a claim of promissory estoppel) (citation omitted); *Seghers v. Woodward*, No. 3:06-cv-810, 2008 WL 351237, at *7 (N.D. Tex. 2008) ("As [Plaintiff's] claim for negligent misrepresentation is based upon a breach of the contract rather than an independent injury, it fails as a matter of law). Lastly, while Plaintiff asserts a negligent misrepresentation claim arguing Defendant, by way of its Commission Policy, promised to pay him his earned commissions and would adjust commissions as necessary for any errors, there is no summary judgment evidence that United Rentals made any misrepresentation to Plaintiff of an existing fact rather than a promise of future conduct. *Allamon*, 877 F. Supp. 2d at 524 ("To establish [her] negligent misrepresentation claim, [Plaintiff] must also prove that [Defendant] misrepresented an existing fact rather than a promise of future conduct.") (citations omitted); *Seghers*, 2008 WL 351237 at *7. Plaintiff has presented

no evidence that United Rentals did not intend to abide by the Commission Policy at the time the parties agreed to it. *Id*. at 525 (Plaintiff must prove Defendant "misrepresented an existing fact, not one of future performance").

## VI.   CONCLUSION

For the reasons stated above, the undersigned respectfully recommends Defendant's Motion for Summary Judgment be **GRANTED**.

Respectfully submitted this 9th day of March, 2018.

*[signature]*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).