UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLINTON S. FOSTER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-114 |
| | § | |
| UNITED RENTALS (NORTH | § | |
| AMERICA), INC.; dba UNITED | § | |
| RENTALS, INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER ON OBJECTIONS TO**
**MEMORANDUM AND RECOMMENDATION**

On March 9, 2018, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (D.E. 65), recommending that this action be dismissed in its entirety. The parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's Memorandum and Recommendation. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13.

On March 23, 2018, Plaintiff timely filed his objections, along with a request for the Court to accept additional evidence (D.E. 76). In that filing, Plaintiff states no objections with respect to the recommended dismissal of Plaintiff's claims for: age discrimination under the Age Discrimination in Employment Act; retaliation under the Texas Commission on Human Rights Act; quantum meruit; promissory estoppel; and negligent misrepresentation. When no timely objection to a magistrate judge's memorandum and recommendation is filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's

memorandum and recommendation. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)).

Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's Memorandum and Recommendation (D.E. 65) with respect to the unchallenged theories, along with all other relevant documents in the record, and finding no clear error, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendant's Motion for Summary Judgment (D.E. 55) is **GRANTED IN PART** and Plaintiff's claims for age discrimination under the Age Discrimination in Employment Act; retaliation under the Texas Commission on Human Rights Act; quantum meruit; promissory estoppel; and negligent misrepresentation are **DISMISSED** with prejudice.

Plaintiff's only remaining claim is for breach of contract. He takes issue with the Magistrate Judge's determination that he submitted insufficient evidence to support the contract claim in his summary judgment response (D.E. 58). This challenge does not state any specific error in the Magistrate Judge's analysis, but rather re-argues the matters previously considered. Having reviewed the evidence submitted (D.E. 58-1, 58-2, and 58-3), the Court agrees with the Magistrate Judge that Plaintiff's summary judgment submissions are self-serving and/or conclusory, failing to show that any specific transactions were processed incorrectly and any specific amounts were owed to Plaintiff.

As part of his objections, however, Plaintiff seeks submission of additional evidence, claiming that his inability to file sufficient evidence in response to the motion

for summary judgment was because Defendant failed to timely produce accurate, readable data in discovery. The Court notes that Plaintiff's summary judgment response does not request additional time to obtain necessary discovery or seek other relief as permitted by Federal Rule of Civil Procedure 56(d). Plaintiff has not addressed his failure to seek additional relief between the time the information was discovered on January 17, 2018, and the time the Magistrate Judge issued his Memorandum and Recommendation.

Defendant has filed a Response in Opposition to Plaintiff's Request to Accept Additional Evidence (D.E. 77). In the context of the case at this time, Plaintiff's request for the Court to consider additional evidence would defeat the efficiencies intended by the process of referrals to the Magistrate Judge under 28 U.S.C. § 636. The Court REFERS the breach of contract claim, which is the only remaining claim, to the Magistrate Judge to determine the merit of Plaintiff's request to submit additional evidence and, if considered, whether that evidence requires a different disposition of the claim.

ORDERED this 26th day of March, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE