Case 2:16-cv-00114   Document 128   Filed on 03/29/18 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
March 29, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLINTON S. FOSTER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-114 |
| | § | |
| UNITED RENTALS (NORTH | § | |
| AMERICA), INC.; dba UNITED | § | |
| RENTALS, INC., | § | |
| | § | |
| Defendants. | § | |

## SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION

Plaintiff Clinton Foster alleges Defendant United Rentals (North America), Inc., his former employer, failed to pay him his earned commissions pursuant to a 2012 and 2013 Commission Policy and Commission Policy Acknowledgement and Agreement ("Commission Policy") because a large number of contracts were coded incorrectly to the wrong sales representative.[1]   Defendant asserts it did not breach the terms of the Commission Policy as Plaintiff was paid all commissions coded to him on contracts as of the invoice date as required by the Commission Policy.

On December 29, 2017, Defendant filed the pending Motion for Summary Judgment.  (D.E. 55).  Plaintiff filed a response on January 18, 2018.  (D.E. 58).  Defendant filed a reply on January 22, 2018.  (D.E. 60).  On March 9, 2018, the

---

[1] In addition to this remaining breach of contract claim, Plaintiff also asserted claims under the ADEA and TCHRA as well as for quantum meruit, promissory estoppel and negligent misrepresentation.  (D.E. 10).  However, these claims have been dismissed with prejudice.  (D.E. 78, Page 2).

undersigned entered a Memorandum and Recommendation ("M & R") recommending this case be summarily dismissed. (D.E. 65). The undersigned recommended Plaintiff's evidence supporting his breach of contract claim, which included his own testimony and affidavit as well as the affidavit of his retained certified public account ("CPA"), W. Scott Turner, was insufficient to create a genuine dispute of material fact. (D.E. 65, Pages 13-16).

On March 23, 2018, Plaintiff timely filed his objections, along with a request for the Court to consider additional evidence he asserts supports his allegation that Defendant failed to pay him for all of his earned commissions. On March 26, 2018, Defendant filed a response to Plaintiff's objections arguing this evidence should not be considered. (D.E. 77). The same day, the Court referred Plaintiff's breach of contract claim to the undersigned to determine the merit of Plaintiff's request to submit additional evidence and, if considered, whether that evidence requires a different disposition of the claim. (D.E. 78).[2] After this referral, the parties each submitted additional briefing and/or exhibits. (D.E. 79 to D.E. 127).

Having reviewed the parties' arguments, the additional evidence and the relevant case law, the undersigned recommends Plaintiff's request to submit additional evidence be **DENIED** and that, even if the additional evidence was considered in combination with

---

[2]In that referral order, the Court agreed with the undersigned's March 9, 2018 M & R, finding that Plaintiff's previously submitted evidence related to his breach of contract claim was self-serving and/or conclusory and failed to show that any specific transactions were processed incorrectly or any specific amounts were owed to Plaintiff. (D.E. 78, Page 2).

Plaintiff's previously submitted evidence supporting his breach of contract claim, Plaintiff has not presented sufficient evidence to create a genuine issue of material fact.

"When a party presents new evidence for the first time in objections to a United States magistrate judge's report and recommendation, two important judicial imperatives clash: the need to bring litigation to an end and the need to render just decisions on the basis of all the facts." *Cheatam v. Blanda*, No. 1:08-cv-299, 2010 WL 2209207, at *1 (E.D. Tex. May 27, 2010) (citation omitted). Therefore, the Court has discretion to consider evidence offered for the first time in an objection to an M & R. *Performance Autoplex II LTD. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003) (citing *Freeman v. Cty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) (While "the district court need not reject newly proffered evidence simply because it was not presented to the magistrate judge…[l]itigants may not…use the magistrate judge as a mere sounding-board for the sufficiency of evidence.") In exercising such discretion, the Court may consider several factors including:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Id*. (citing *Freeman*, 142 F.3d at 853). Plaintiff requests the Court consider: (1) the March 23, 2018 affidavit of W. Scott Turner, Plaintiff's retained CPA, as well as several of the affidavit's attached exhibits which he contends show miscoded invoices (D.E. 76-

1, D.E. 76-2 and D.E. 76-3)[3]; and (2) excerpts of deposition testimony from the February 10, 2017 deposition of Mr. Doug Hayungs, Plaintiff's former branch manager. (D.E. 76-4).[4]

Plaintiff argues the Court should consider the additional affidavit from Mr. Turner dated March 23, 2018 because Mr. Turner was unable to render a final, detailed opinion in this case because Defendant failed "to timely produce accurate, readable information" and "[s]ome of the information produced by Defendant was admittedly wrong, duplicative, internally inconsistent, voluminous, and formatted in such a way that Plaintiff was forced to hire an information technology specialist to reformat the data so that it was usable to Plaintiff." (D.E. 76, Page 5). To support this assertion, Plaintiff attaches a January 13, 2017 letter sent to Defendant outlining what Plaintiff found to be deficient in Defendant's discovery production. (D.E. 76-5, Pages 1-2). Plaintiff also alleges the delay was caused because Mr. Turner received new information after the

---

[3] In his affidavit, Mr. Turner references charts attached to his affidavit, including his complete expert report attached as Exhibit A and a sample of 5,451 miscoded invoices attached as Exhibit B. (D.E. 76-1, Pages 2-3). However, neither exhibit was attached to the affidavit submitted by Plaintiff as part of his March 23, 2018 objections. (D.E. 76). On March 26, 2018, Plaintiff filed approximately 48 separate docket entries consisting of several thousand pages. (D.E. 79 to D.E. 126). The undersigned notes these docket entries were filed outside of the 14 day objections period. The first, Docket Entry 79, while titled a "Supplemental Affidavit of W. Scott Turner," is identical to Mr. Turner's March 23, 2018 affidavit and is also dated March 23, 2018. (D.E. 79). The second is marked as Exhibit A, presumably to Mr. Turner's affidavit. (D.E. 80, Page 1). Plaintiff did not identify which of the remaining docket entries, containing approximately two thousand pages, is Exhibit B to Mr. Turner's affidavit. (D.E. 81 to D.E. 126). However, Defendant, in its supplemental response, directed the undersigned to the appropriate docket entry. (D.E. 125 and D.E. 127, Page 1).

[4] As part of the summary judgment motion, Defendant previously submitted excerpts of Mr. Hayungs deposition testimony. (D.E. 55-3, Pages 57-111). Plaintiff submits three additional pages from the deposition not included by Defendant, only one of which contains additional testimony not previously submitted by Defendant. *See* Deposition Page 24 (D.E. 76-4, Page 5).

Defendant's expert's January 17, 2017 deposition was taken that was needed to finalize his own opinion. (D.E. 76, Page 6). Plaintiff further asserts the unfair prejudice to Defendant is minimal because Defendant has already been preparing for trial, which is set for April 16, 2018, and Mr. Turner's expert report was produced to Defendant earlier this month. (D.E. 76, Pages 6-7). Plaintiff also contends that without this additional evidence, the Court will likely grant Defendant's pending Motion for Summary Judgment. (D.E. 76, Page 6).

    The undersigned recommends Plaintiff's reasons for not originally submitting the additional information contained in Mr. Turner's most recent affidavit are unpersuasive and the evidence was previously available to Plaintiff when he responded to the summary judgment motion. The evidence submitted by Plaintiff that Defendant's discovery production was somehow deficient, namely the letter to defense counsel, is dated January 13, 2017, nearly a year before Plaintiff submitted his January 18, 2018 response to the pending motion for summary judgment. (D.E. 76-5, Pages 1-2 and D.E. 58). Further, Plaintiff asserts he obtained additional important information from Defendant's expert's January 17, 2018 deposition requiring the submission of Mr. Turner's additional affidavit. However, Plaintiff does not identify what this important information was and, as noted by the District Judge, Plaintiff's summary judgment response filed the day after this deposition, on January 18, 2018, does not request additional time to obtain necessary discovery or seek other relief as permitted by Federal Rule of Civil Procedure 56(d). (D.E. 78, Page 3). Additionally, while Mr. Turner's most recent affidavit now provides some of his methodology for concluding 5,451 invoices were miscoded, Defendant

produced the evidence used by Mr. Turner to Plaintiff on August 22, 2016 and February 24, 2017, respectively.[5] (D.E. 76-1, Page 3; D.E. 79, Page 3; D.E. 127, Pages 1-2 and D.E. 127-1, Pages 6, 8-9 and 14). Further, Plaintiff fails to provide any sufficient reason why he did not seek to supplement his response before the undersigned's March 9, 2018 M & R recommending summary dismissal on all claims was entered or why he failed to include deposition transcript pages from Mr. Hayungs February 10, 2017 deposition in his summary judgment response filed almost a year later. (D.E. 76-4).

The undersigned also recommends there is a likelihood of unfair prejudice to Defendant if Mr. Turner's latest affidavit and supporting exhibits are accepted because trial in this matter is currently set in less than one month, Mr. Turner's deposition was taken over two months ago, on January 16, 2018, and Plaintiff's expert report deadline expired over five months ago. (D.E. 43 and D.E. 127, Page 2, Footnote 3).[6]

The last factor the undersigned considers is the importance of the omitted evidence to the Plaintiff's case. As to the one page of Mr. Hayungs' deposition not previously included by Defendant itself, Mr. Hayungs discusses the reduction in Mr. Foster's commission rate, which was raised as a part of his ADEA and TCHRA claims and has now been dismissed. (D.E. 76-4, Page 5 and D.E. 78). Further, while Mr. Hayungs also

---

[5]In his affidavit, Mr. Turner identifies UR 80 and UR 1767 as the two sources he used as he "compared the list of accounts that Defendant represents were Mr. Foster's (Exhibit A, Tab 7, UR 80), with a spreadsheet labeled 1767 (which purportedly contains Defendant's list of all commission purportedly paid to Mr. Foster)." (D.E. 76-1, Pages 2-3).

[6]There is little prejudice to Defendant in the Court considering the one additional substantive page from Mr. Hayungs' deposition. Defendant was previously aware of this testimony and one additional page is minimal. However, for the reasons provided in this M & R, the other three factors weigh against its consideration at this stage.

testified there were issues with contracts and/or sales orders getting coded to the incorrect sales representative, including Plaintiff up until the date of his termination, Mr. Hayungs then testified that corrections were made or sales representatives would meet and agree to a coding change. (D.E. 55-3, Pages 65-67 and D.E. 76-4, Page 5). Therefore, this omitted evidence is of little importance to Plaintiff's case to demonstrate that Defendant failed to pay Plaintiff according to the Commission Policy.

> Further, the Commission Agreement provides:
>
> Commissions are credited to a Sales Representative as of the invoice date. However, the Sales Representative **does not** earn the commission until and unless the customer pays the invoice in full within 120 days of the invoice date. If, for any reason, all or part of the invoice is unpaid 120 days after the invoice date, the commission is not and will never be earned, and the Sales Representative has no entitlement to it.
>
> (D.E. 55-1, Pages 149 and 161) (emphasis in original).

The Commission Agreement further provides "[r]evenue and the commissions associated with that revenue are assigned to Sales Representative based upon the sales rep number that is coded on the contract." (D.E. 55-1, Pages 150 and 162). As with his previous affidavit, Mr. Turner gives little indication of the reasoning process underlying his conclusory opinions, attached as Exhibit A and Exhibit B, that Mr. Foster is due certain unpaid commissions. (D.E. 76-1, Page 2; D.E. 80 and D.E. 125). *Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 358 (5th Cir. 2001) ("To be considered on summary judgment, an expert's affidavit must include materials upon which the expert based his opinion, as well as an indication of the reasoning process underlying the opinion.") (abrogation on other grounds); *Zidell v. Morris*, No. 4:11-cv-845-A, 2013 WL 704325, at

*9 (N.D. Tex. Feb. 26, 2013) ("The court may properly disregard an expert witness's affidavit where it is conclusory and fails to give insight into the expert's reasoning process.") (citation omitted).  Mr. Turner provides no explanation of the reasoning he used in creating Exhibit A.  (D.E. 76-1, Page 2).  Further, to compile Exhibit B, Mr. Turner, as previously discussed, compared a list of accounts that were assigned to Plaintiff at some point during his employment, on which invoices, at some point, were issued and coded to other sales representatives who were then paid commissions.  However, this is insufficient, standing alone, to support Plaintiff's breach of contract claim because it does not indicate whether these accounts or invoices were, or should have been, assigned to Plaintiff as of the invoice date, as required by the Commission Policy for payment of a commission.  Therefore, the undersigned recommends omitting Mr. Turner's March 23, 2018 affidavit and attached exhibits is also of little importance to Plaintiff case.  Accordingly, the undersigned recommends all four factors weigh against the Court's consideration of the omitted evidence.  However, even if the Court determines Mr. Turner's latest affidavit supports Plaintiff's breach of contract claim, the undersigned recommends the other factors, as discussed above, weigh heavily against accepting it.  *See Hewitt v. Bedford*, No. 13-cv-24040, 2015 WL 574337, at *1 (W.D. La. Feb. 9, 2015) ("Rather than providing truly new evidence that was unavailable to him earlier, these proffered declarations demonstrate an attempt by Plaintiff to use the Report and Recommendation as a sounding-board to ameliorate the evidentiary defects in his case"); *see also Performance Autoplex*, 322 F.3d at 862; *Freeman*, 142 F.3d at 852.

Further, even if the Court decides to consider this late-submitted evidence, the undersigned recommends Defendant's motion for summary judgment be granted as to Plaintiff's breach of contract claim.  Mr. Turner's conclusory allegations that the identified invoices were to result in commissions paid to Plaintiff is not supported by competent summary judgment evidence.  In short, Plaintiff has still not established Defendant improperly failed to pay a single commission to Plaintiff.  Even considering Plaintiff's late-filed evidence, the undersigned recommends Defendant has established there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law.

Respectfully submitted this 29th day of March, 2018.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).