UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLINTON S. FOSTER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-00114 |
| | § | |
| UNITED RENTALS (NORTH AMERICA), INC.; dba UNITED RENTALS, INC., | § § § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant's Motion for Summary Judgment (D.E. 55). By its Order on Objections to Memorandum and Recommendation (D.E. 78), this Court granted the motion on all claims, except Plaintiff's breach of contract claim. The Court referred the contract claim to the Magistrate Judge for consideration of Plaintiff's request for the Court to accept additional evidence on that claim. On March 29, 2018, United States Magistrate Judge Jason B. Libby issued his Supplemental Memorandum and Recommendation (D.E. 128), recommending that Plaintiff's request to submit additional evidence be denied and further recommending that, even if the additional evidence were considered, Defendant's motion for summary judgment on Plaintiff's breach of contract claim should be granted.

Plaintiff timely filed his objections (D.E. 129) on April 12, 2018. In a footnote, he incorporates by reference prior briefing. D.E. 129, p. 1 n.1. The Court rejects this manner of presenting objections as it does not comply with 28 U.S.C. § 636(b)(1). Under

§ 636(b)(1), objections are to be directed to the Magistrate Judge's proposed findings of fact and conclusions of law. Briefing filed prior to the issuance of the supplemental memorandum and recommendation does not point out with particularity any error in the Magistrate Judge's analysis for this Court to adjudicate and defeats the judicial economy purpose of the referral to the Magistrate Judge. Therefore, the Court considers only the matters stated in Plaintiff's objections dated April 12, 2018. D.E. 129.

First, Plaintiff contends that any delay in his expert's analysis of the facts underlying his claim was caused by Defendant. Yet Defendant produced the data on which Plaintiff relies on August 22, 2016 and February 24, 2017. Plaintiff states that it took "many months" to get the data in usable form. However, he does not adequately explain why the work was not complete by the time he filed his summary judgment response (D.E. 58) on January 18, 2018—approximately 11 months after receiving the data. Neither does Plaintiff explain why he did not seek additional time to respond to the summary judgment motion under Federal Rule of Civil Procedure 56(d) if additional time was necessary. The Court **OVERRULES** Plaintiff's first objection.

Second, Plaintiff argues that his additional evidence demonstrates that the accounts or invoices yielding commissions were assigned to Plaintiff, contrary to the Magistrate Judge's conclusion. As a preliminary procedural matter, Plaintiff complains that the Magistrate Judge unfairly rejected evidence because the PACER system did not permit Plaintiff to file it timely. However, the Magistrate Judge merely noted that the evidence was untimely. The evidence was not rejected as untimely. Rather, the Magistrate Judge concluded that: (a) Plaintiff failed to sustain his burden to have the

Court consider that evidence after the summary judgment deadline, and (b) the evidence was insufficient to change the outcome.

While Plaintiff's evidence may show that certain accounts should have been coded as Plaintiff's accounts, the evidence does not reflect that the accounts should have been coded for Plaintiff on the date of the invoice used to support the calculations. As observed in the Magistrate Judge's initial memorandum and recommendation, accounts did change salespersons from time to time and invoice dates determined the salesperson entitled to the commissions. D.E. 65, p. 14; D.E. 55-1, p. 149; see also D.E. 128, p. 8. Plaintiff's evidence does not address his entitlement to commissions on the accounts as of the invoice dates. Representations regarding invoice dates are not apparent from the briefing and it is not for the Court to sift through the data in search of evidence to sustain Plaintiff's claims. Plaintiff's second objection is OVERRULED.

Third, Plaintiff objects to the Magistrate Judge's conclusion that Defendant would be prejudiced by the consideration of his additional evidence. The Court agrees with the Magistrate Judge that if Plaintiff is seeking to offer new analysis of the evidence and expert conclusions regarding his claims, the new information is offered in violation of the Scheduling Order (D.E. 43), which required Plaintiff's expert reports to be filed by October 2, 2017. The Court is unwilling to find that Plaintiff's new opinions offered on the eve of trial are not prejudicial to the Defendant. Plaintiff's third objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Supplemental Memorandum and Recommendation, as

well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Supplemental Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections. The Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge in the supplemental memorandum and recommendation (D.E. 128) and those regarding the breach of contract claim in the original memorandum and recommendations (D.E. 65).

Accordingly, the Court **DENIES** Plaintiff's request to submit additional summary judgment evidence. The remainder of Defendant's Motion for Summary Judgment (D.E. 55) is **GRANTED** and his breach of contract claim is **DISMISSED**.

ORDERED this 18th day of April, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE